## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| VICKI L. MOORE, individually and on behalf of her minor child N.S., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No.: |
| UNUM GROUP CORPORATION; and UNUM LIFE INSURANCE COMPANY OF AMERICA, ) ) ) ) | |
| Defendants. ) | |

## COMPLAINT

Comes now the Plaintiff, Vicki L. Moore, individually and on behalf of her minor child N.S., by and through her attorneys, and hereby files this Complaint[1] against the above-named defendants.  As grounds for this Complaint, Plaintiff states as follows:

### I.      INTRODUCTORY STATEMENT

1.      Plaintiff brings this action seeking redress for violations of the

---

[1] This document has been drafted by counsel for the Plaintiff on Plaintiff's behalf based on facts presented by Plaintiff but does not support the inference that Plaintiff has legal training, knowledge, or skills necessary to understand the legal terminology used herein.  Furthermore, this document is intended to provide notice of the claims supported by the facts set forth herein. It is not intended to be an exhaustive compilation of all facts or all legal claims supported by these facts.

Employee Retirement Income Security Act ("ERISA").  This suit is brought

pursuant to 29 U.S.C. § 1132(a)(1) in order to secure benefits due to Plaintiff and

her minor child through an Employee Welfare Benefit Plan wherein they are the

named beneficiaries to a life insurance policy belonging to Herbert B. Sparks, Jr.,

Esq., deceased, obtained through his employer, Millennium Risk Managers, LLC.

Under the terms of the Plan, Plaintiff and her minor child are defined beneficiaries

and are qualified to receive the benefit.  Plaintiff seeks any and all benefits to

which she and her minor child may be entitled under the Plan and applicable law,

including the $70,000 life insurance benefit owed to her and her minor child under

said Plan.

## II.    JURISDICTION

2.    Jurisdiction is appropriate under 28 U.S.C. § 1331 in that 29 U.S.C.

§1132(e) confers jurisdiction upon the district courts of the United States where, as

here, Plaintiff's claims relate to an "employee welfare benefit plan" and/or

"employee pension plan" as those terms are defined within 29 U.S.C. § 1001, *et.*

*seq.* and The Plan "may be found" within this district.

3.   Jurisdiction is further appropriate under 28 U.S.C. § 1332(a) in that the

matter in controversy exceeds the sum of $75,000, exclusive of interest and costs,

and diversity exists between the parties.

### III.   VENUE

4.      Venue is appropriate in that a substantial part of the events or omissions giving rise to Plaintiffs' claim, including specifically enrollment in the Plan, occurred within this district and the Defendants refused to pay the claim in this district.  Therefore, venue is proper within the Northern District of Alabama pursuant to 29 U.S.C. § 1132(3)(2) given that "the breach took place" here.

5.      Venue is also appropriate under 28 U.S.C. § 1391(b)(2) in that the Defendants were doing business in the State of Alabama, and upon information and belief, a substantial part of the events giving rise to Plaintiffs' claim occurred within this district.

### IV.   PARTIES

6.      Plaintiff Vicki L. Moore is a resident citizen of Alabama.  N.S. is the minor child of Vicki L. Moore and Herbert B. Sparks, Jr. and is a resident citizen of Alabama.

7.      Defendant Unum Group Corporation ("Unum Group") is the parent company of Defendant Unum Life Insurance Company of America ("Unum Life").

8.      Defendant Unum Group exercises significant control over the policies and actions of Defendant Unum Life.

9.      Defendant Unum Group is the employer of all persons who acted on behalf of Unum Life in regard to Plaintiffs' claim.

10.     Plaintiff alleges upon information and belief that Defendant Unum Group established the policies and procedures governing the payment or denial of the Plaintiff's claim.

11.     Defendant Unum Group Corporation is, upon information and belief, a Delaware corporation, doing business by agent in Alabama and maintaining its principal place of business in Chattanooga, Tennessee.

12.     Defendant Unum Group may be served with process by and through its registered agent for service, CSC Lawyers Incorporating Service Inc., 150 South Perry Street, Montgomery, Alabama 36105.

13.     Defendant Unum Life Insurance Company of America is, upon information and belief, a foreign corporation with its principal place of business in Chattanooga, Tennessee.

14.     Upon information and belief, Unum Life and Unum Group (hereinafter referred to collectively as "Unum") is "fiduciary" of the Plan as that term is defined by 29 U.S.C. § 1002(21) as exercising, among other things, authority and control respecting management and/or disposition of Plan assets and serving as the Plan's underwriter.

15.     Furthermore, Unum provides services to the Plan at issue and as such is a "party in interest" as that term is defined by 29 U.S.C. § 1002(14).

16.     Unum Life is an insurance company authorized to transact the business of insurance in the State of Alabama.

17.     Defendant Unum Life may be served with process by and through its registered agent for service, CSC Lawyers Incorporating Service Inc., 150 South Perry Street, Montgomery, Alabama 36105.

## THE PLAN

18.     Upon information and belief, the Plan at issue was funded by an insurance policy sold by Unum, the company which also underwrote the policy.

19.     This policy, referred to throughout this Complaint as the "Plan", was purchased by Herbert B. Sparks, Jr.'s employer for the purpose of conferring a benefit upon the employees of Millennium Risk Managers LLC.

20.     As a result, this policy qualifies as an employee welfare benefit plan as defined in 29 U.S.C. § 1002(1), and Plaintiff qualifies as a beneficiary under the Plan as that term is used in 29 U.S.C. § 1132.

21.     There are no Plan documents indicating that Unum Group or any of its affiliates has a valid grant of discretionary authority as Plan or Claims Administrator or that any appropriate delegation of authority to Unum Group has occurred.

22.     Any "decision" made by Unum Group, whether individually or in concert with or as an agent of Unum Life, is not entitled to any degree of deference

whatsoever.  Rather, any "decision" is to be reviewed under a *de novo* standard.

## V.   STATEMENT OF FACTS

23.     Herbert B. Sparks, Jr., Esq. served as General Counsel for Millennium Risk Managers LLC.

24.     His former spouse Dr. Vicki L. Moore was named as a fifty percent beneficiary under Mr. Sparks' life insurance policy.

25.     Mr. Sparks' and Dr. Moore's son N.S. was named as a fifty percent beneficiary under Mr. Sparks' life insurance policy.

26.     On November 4, 2014, Mr. Sparks passed away.

27.     A claim was filed with Unum requesting that Unum pay life insurance proceeds it had promised pursuant to the terms of the group policy provided Mr. Sparks through the course of his employment with Millennium Risk Managers LLC.

28.     Under the terms of Millennium Risk Managers LLC's group policy with Unum, employees were entitled to enroll for a $15,000 basic benefit.

29.     Under the terms of Millennium Risk Managers LLC's group policy with Unum, employees were also entitled to enroll for a $70,000 "guaranteed issue" supplemental benefit.

30.     Here, Unum denied the claim for the supplemental benefit and only paid the basic benefit of $15,000.

31.     Originally, Unum's claims handler internally approved payment of the $70,000 supplemental benefit.

32.     As a result of that recommendation to pay the supplemental benefit, management at Unum took a second review trying to find a reason to deny the claim.

33.     Presumably, Unum ran a search of Mr. Sparks' name and/or Social Security number, and found that Mr. Sparks had previously applied for $300,000 of coverage and underwent individual underwriting which resulted in (due to his health conditions) Unum declining to issue the $300,000 life insurance policy.

34.     Unum's management team then took that prior refusal to underwrite $300,000 of coverage and applied it to Mr. Sparks' group policy $70,000 supplemental coverage amount.

35.     Unum did this despite the fact that Mr. Sparks had paid for both the basic benefit under his group life policy of $15,000 and the supplemental "guaranteed issue" benefit of $70,000 through payroll deduction for the premium amounts due for those policies.

36.     Unum received these monies in premium payments and yet has refused to abide by the terms of the Plan, thus necessitating this lawsuit.

37.     A timely claim was filed with Unum and after Unum's initial denial a timely appeal was filed with Unum.

38.     Unum has issued its final denial and has refused to comply with the terms of the Plan.  Thus, administrative remedies have been exhausted.

39.     Plaintiff's claim file establishes numerous breaches and errors committed by Unum during the course of administering Plaintiff's claim, including:

(a)     Targeting Plaintiff's claim for denial when Unum learned the claim was governed by ERISA;

(b)     Unum failing to take any meaningful measures to insulate its claims process from its inherent conflict under the Supreme Court case *Glenn v. MetLife* and instead allowing its profit motive to influence its claims administration for Plaintiff, especially given the size of the claim;

(c)     Withholding numerous relevant documents and information from Plaintiff throughout the claims process and depriving Plaintiff of the ability to obtain a full and fair review of his claim; and

(d)     Taking an adversarial posture against Plaintiff instead of a fiduciary posture by openly searching for ways to avoid paying part or all of the claim.

40.     Despite Plaintiff's established entitlement to benefits under the terms

of the Plan, Unum denied Plaintiff and her minor son the supplemental life insurance benefit.

41.     As set forth above in connection with Unum's fiduciary breaches, Unum's claim decision was the product of a conflict of interest whereby they allowed their own financial interests to supersede their fiduciary obligations to Plaintiff.  Under *Glenn*, this presents an additional reason for application of a *de novo* standard to their claims decision.

42.     This conflict of interest further calls into question the credibility of Unum's claims personnel and reviewers.

43.     Unum considered the applicability of ERISA before making its decision.  This presents an additional reason for application of a *de novo* standard to their claim decision.

44.     Unum failed to provide Plaintiff with a meaningful opportunity for a full and fair review of the claim for benefits as required by 29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1.  Among other things, Unum subjected Plaintiff to a secret second independent determination when its management refused to provide new information upon which it relied when it considered the appeal.

45.     Unum's decision process did not comport with 29 U.S.C. § 1133's requirement that any notice of the denial must contain the specific reasons for such denial, written in a manner calculated to be understood by the participant, and must

comport with Department of Labor Regulations.

46.     Plaintiff has exhausted all Plan remedies.  As such, this case is ripe for determination.

## COUNT I

47.     Plaintiff adopts and incorporates all of the paragraphs above as though fully set forth herein.

48.     The Plan is deemed an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1001, *et. seq*.

49.     Plaintiff and her minor child are both considered a "beneficiary" in the employee welfare benefit as that term is defined under 29 U.S.C. § 1001, *et. seq*.

50.     Unum's denial of the supplemental life benefit was not and is not supported by substantial evidence.

51.     Unum denied Plaintiff's benefit to which Plaintiff was and is entitled under the terms of the employee welfare benefit plan/insurance policy or policies by refusing to provide payment of the supplemental life benefit.

52.     The decision making process did not comport with 29 U.S.C. § 1133's requirement that any notice of the denial must contain the specific reasons for such denial, written in a manner calculated to be understood by the participant, and must comport with the Department of Labor Regulations.

53.     The decision making process did not provide a reasonable opportunity to Plaintiff for a full and fair review of the decision denying the claim, as is required by 29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1.

54.     The appellate procedures did not provide Plaintiff with a full and fair review.

55.     Unum's actions were unreasonable and wrong and in violation of the terms of the employee welfare benefit plan/insurance policy.

56.     Unum's claims process and claims decisions were tainted by its conflict of interest which motivated its claims personnel to deny Plaintiff's claim.

57.     As a direct and proximate result of the conduct of Unum in failing to provide benefits to Plaintiff and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to an amount of benefits to which Plaintiff and her minor child would have been entitled under the Plan, and additional damages and equitable reliefs to be proven in the trial of this matter.

## COUNT II

### FAILURE TO PROVIDE DOCUMENTS
### UNDER 29 U.S.C. § 1132(c)

58.     Plaintiff adopts and incorporates the Paragraphs above as though fully set forth herein.

59.     Defendant Unum was requested to provide documents (pursuant to 29 C.F.R. 2560.503-1(h)(2)(iii)), which form the basis of the Defendants' wrongful denial of the supplemental life benefit to Plaintiff.  This regulation required that Plaintiff be provided copies of "all documents, records and other information relevant to claimant's claim for benefits."  29 C.F.R. 2560.503-1(m)(8) defines "relevant" as it is used in 29 C.F.R. 2560.503-1(h)(2)(iii), as all documents, records or other information which was "relied upon in the making of the benefit determination" or "was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such documents, record or other information was relied upon in making the benefit determination", and "demonstrates compliance with the administrative process and safeguards required."

60.     Despite repeated requests for such documents that include, for example, those documents enumerated above in this Complaint, Unum did not provide the documents as required pursuant to 29 U.S.C. § 1132(c) and 29 C.F.R. 2560.503-1(h)(2)(iii), including its claims procedures, underwriting files and procedures and other documentation needed to perfect the Plaintiff's appeal.

61.     As an ERISA fiduciary, Unum was responsible for providing timely, accurate and complete information and documents to Plaintiff.

62.    Unum Group served as the *de facto* administrator for the Plan given its involvement in the termination of benefits.  *See e.g., Rosen v. TRW, Inc*., 979 F.2d 191, (11th Cir. 1992) ("Some older cases hold that the [insurance] company is not the proper defendant in an ERISA case solely because The Plan instrument designates a plan administrator . . .  We disagree with these opinions because they elevate form over substance.  If the company is acting as a plan administrator, then it should be held liable for such conduct regardless of a sham designation in The Plan document."); *Hunt v. Hawthorne Associates, Inc.,* 119 F.3d 888 (11th Cir. 1997) (holding that the company actually administering the claim can be held liable for failing to produce the documents pertaining to the ERISA plan).

63.    Unum Group employees decide entitlement to benefits under the Plan.

64.    Any funds paid on the claim would be paid out of Unum funds.

65.    As the *de facto* administrator, Unum should have produced the documents "generated during the course of the claim" pursuant to the Department of Labor Regulations.  To find otherwise would result in a ruling holding the employer responsible for producing documents the employer did not possess or control and render the Department of Labor production regulations meaningless.

66.    Pursuant to 29 U.S.C. § 1132(c), Unum is liable to Plaintiff for penalties in an amount up to One Hundred Ten Dollars ($110) per day from thirty days after the first request for the materials.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vicki L. Moore, individually and on behalf of her minor child N.S., respectfully requests this Court find jurisdiction and venue appropriate, and after trial, grant the following relief:

a.   Award Plaintiff the supplemental life benefit due and payable under the terms of the employee welfare benefit plan/insurance policy(ies) pursuant to 29 U.S.C. § 1132(a)(1);

b.   For a judgment against the Defendants awarding Plaintiff prejudgment interest, costs and expenses, including the reasonable attorneys' fee as permitted under 29 U.S.C. § 1132(g)(1);

c.   For an order finding the Defendants jointly and severally liable for the breaches described herein; and

d.   Such other relief as may be deemed just and proper.

Respectfully submitted,

/s/ *Thomas O. Sinclair*

Thomas O. Sinclair
SINCLAIRWILLIAMS LLC
2100A Southbridge Parkway
Suite 336
Birmingham, AL 35209
T: 205.868.0818
F: 205.868.0894
E: tos@sinclairwilliams.com

**ATTORNEY FOR PLAINTIFF**

**<u>Defendants to be served via certified mail at the following addresses</u>:**

Unum Group Corporation
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, AL 36104

Unum Life Insurance Company of America
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, AL 36104